IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN THE MATTER OF:

Shawn O'Neil Dodson,  Chapter 13
 Case No. 13-10483
      Debtor.

Shawn O'Neil Dodson,

      Plaintiff,  Adv. Proc. No. _____

vs.

City of Headland and
American Municipal Services Corporation,

      Defendants.

## COMPLAINT SEEKING DAMAGES IN ADVERSARY PROCEEDING FOR VIOLATION OF THE AUTOMATIC STAY

### Introduction

1. This is an action brought by plaintiff to enforce Debtor's right to recover actual, statutory, and punitive damages, costs and attorney's fees from the Defendants for their violations as set forth herein.

### Jurisdiction and Venue

2. This is a core proceeding as defined by 28 U.S.C. § 157 and this is a matter arising in a case under Title 11.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 157(b) and § 1334.

4. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

### Parties

6. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 13-10483, which case is presently pending before this court.

2014 03 11 Dodson vs. City of Headland and AMS      Page 1 of 5

Case 14-01015   Doc 1   Filed 03/11/14   Entered 03/11/14 09:08:36   Desc Main
 Document   Page 1 of 5

7. The Defendant, City of Headland, is an Alabama municipality. Headland Fire and Rescue, 456 E. Main Street, Headland, AL 36345, provides ambulance services. The City of Headland may be served by and through its Clerk, Crystal Gibson, at 9 Park Street, Headland, AL 36345.

8. The Defendant, American Municipal Services Corporation ("AMS"), is a foreign corporation with its principal place of business in Carrollton, Texas. AMS may be served by and through its registered agent, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

9. AMS is a debt collector with over 14 years collecting delinquent accounts in the EMS sector.

10. Defendant City of Headland hires AMS to handle the collections of accounts, including accounts for ambulance services.

## Factual Allegations

11. The Debtor's Chapter 13 proceeding was commenced by the filing of a petition with the Clerk of this Court on March 19, 2013.

12. The debtor listed City of Headland on schedule F of the debtor's petition for an unsecured medical bill debt in the amount of $905.00 (ECF 1).

13. The City of Headland is also listed on the creditor's matrix.

14. The City of Headland claim represented the City's ambulance services provided to the debtor.

15. The City of Headland was served with a copy of Official Form 9I "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines" on March 22, 2013 (ECF 11).

16. In April 2013, the City of Headland mailed a monthly statement to the debtor demanding payment of the $905.00.

17. On April 24 2013, at 11:50 a.m., the debtor called the phone number on the billing statement and spoke to Francine regarding the monthly statement.

18. Francine confirmed that debtor called the correct phone number and that she was in the department that handled the billing for the City of Headland ambulance services.

19. The debtor provided Francine with his bankruptcy information, specifically, his case number, and attorney's name and phone number.

2014 03 11 Dodson vs. City of Headland and AMS      Page 2 of 5

Case 14-01015   Doc 1   Filed 03/11/14   Entered 03/11/14 09:08:36   Desc Main
                        Document      Page 2 of 5

20. Francine confirmed that she notated the debtor's account with his bankruptcy information.

21. Following this telephone conversation, the City of Headland continued to send monthly billing statements to the debtor, demanding payment of the prepetition debt.

22. The City of Headland procured the services of AMS to handle the collection of the debtor's account with the City of Headland.

23. According to AMS' brochure, it uses "various skip-tracing mechanisms and services daily to increase [its] success in locating the past due account holders."

24. AMS also boasts services that "collect all of [its] outstanding receivables."

25. Since the date of the debtor's filing Chapter 13, the defendants have continued to mail monthly statements and notices to the debtor, adding late charges and other charges, and demanding payment of the prepetition debt.

26. On March 3, 2014, the AMS (Municipal Enforcement Division) mailed a "<u>VERY IMPORTANT NOTICE</u>" to the debtor demanding payment to the City of Headland in the amount of $1,177.67.

27. The notice stated that AMS was hired to handle the collection of the debtor's "seriously past due" account. It further states "remedies available to the city are usually costly and time consuming and could affect your credit."

28. The conduct of the defendants violates the automatic stay and is intended to harass and annoy the plaintiff in violation of the automatic stay.

29. The conduct of the defendants has caused the debtor, stress, worry and anxiety.

30. The plaintiff requests all relief to which he is entitled for these defendants' actions.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AUTOMATIC STAY – 11 U.S.C. § 362

31. Plaintiff repeats and realleges the preceding paragraphs as though more fully set forth herein.

32. The March 22, 2013 Notice of the debtor's bankruptcy advised the City of Headland of the existence of the automatic stay of 11 U.S.C. § 362(a), which prevents the debtor's creditors from taking any action to enforce a prepetition lien against property of the Debtor or to collect, assess, or recover a prepetition claim against the debtor.

2014 03 11 Dodson vs. City of Headland and AMS    Page 3 of 5

Case 14-01015    Doc 1    Filed 03/11/14    Entered 03/11/14 09:08:36    Desc Main
Document    Page 3 of 5

33. Plaintiff is informed, believes and alleges that the actions of these defendants described herein constitute a violation of the automatic stay as set forth in 11 U.S.C. § 362(a)(3).

34. Defendants, through the billing statements and collection notices mailed to the debtor demanding payment of the prepetition debt, are seeking to recover money from the debtor for a prepetition claim against the debtor.

35. 11 U.S.C. § 362(k) allows for the imposition of sanctions, including actual damages and punitive damages, when the debtor suffers injury from a creditor's willful violation of the automatic stay:

> "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1)

36. The automatic stay was in full force and effect in the instant case at all times since the case was filed.

37. Defendants failed to cease collection efforts against the debtor after being given notice of the Bankruptcy and the automatic stay.

38. The City of Headland was directly responsible for the debtors' account being turned over to AMS for collection.

39. AMS failed to utilize its "various skip-tracing mechanisms and services" to avoid violating the automatic stay.

40. The defendants intentionally acted in willful violation of the automatic stay.

41. The actions of the defendants constitute a gross violation of the automatic stay as set forth in 11 U.S.C. § 362(a).

42. As a direct and proximate result of defendants' conduct, the plaintiff has suffered stress, worry and anxiety.

43. As a result of the above violations of 11 U.S.C. § 362, defendants are liable to the plaintiff for actual damages, punitive damages, and legal fees in an amount to be determined by this Court.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendants respectfully prays of the Court as follows:

1. For Plaintiff's actual damages;
2. For punitive damages against Defendants in an amount as the Court deems

2014 03 11 Dodson vs. City of Headland and AMS　　　　　　　　　　　　　　　　Page 4 of 5

Case 14-01015　Doc 1　Filed 03/11/14　Entered 03/11/14 09:08:36　Desc Main Document　Page 4 of 5

appropriate;

3. For such sanctions as the Court may deem just, equitable, and proper to enforce these provisions of the Bankruptcy Code;

4. That the Plaintiff be awarded reasonable attorney's fees and costs associated with the prosecution of this action; and

5. That the Plaintiff have such other and further relief as the Court may deem just and proper.

This 11th day of March, 2014.

Respectfully submitted,

/s/Nick Wooten
Nick Wooten
Nick Wooten - Bar No. WOO084
Nick Wooten, LLC
*Of Counsel to Brock and Stout, LLC*
P.O. Box 3389
Auburn, AL 36831
Tel. (334) 887-3000
Fax (334) 821-7720
Email: nick@nickwooten.com